■ GEORGIA DEMAKIS et al., Respondents-Appellants, v S.J. PAPADOPOULOS, Appellant-Respondent. [684 NYS2d 882] —In an action to recover damages for medical malpractice, etc., (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated November 10, 1997, as denied his motion to dismiss the complaint for lack of personal jurisdiction and granted the plaintiffs' cross motion to dismiss the defendant's fourth and fifth affirmative defenses, and (2) the plaintiffs cross-appeal from the same order.

Ordered the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We find no basis to disturb the Supreme Court's finding that the plaintiffs established by a preponderance of the evidence that the defendant was personally served with process (*see, Wern v D'Alessandro,* 219 AD2d 646). The Supreme Court's determination that the testimony of the process server was more credible than that of the defense witnesses is entitled to substantial deference on appeal (*see, Key Bank USA v Klein,* 243 AD2d 688; *Federal Natl. Mtge. Assn. v Roth,* 240 AD2d 466), and is supported by a fair interpretation of the evidence (*see, Barclays Bank v Heady Elec. Co.,* 212 AD2d 749, *lv dismissed in part, denied in part* 87 NY2d 1008, *cert denied* 519 US 1110).

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.