■ MICHAEL AHRENS et al., Respondents, v RONALD J. CHISENA, Appellant, et al., Defendants. [836 NYS2d 278]—

In an action to recover damages for legal malpractice, the defendant Ronald J. Chisena appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ayres, J.), dated November 18, 2005, as, after a hearing to determine the validity of service of process, inter alia, granted the plaintiffs' motion for leave to enter a default judgment against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The advocate-witness disqualification rules contained in the

Code of Professional Responsibility provide guidance, not binding authority, for courts in determining whether a party's [counsel], at its adversary's instance, should be disqualified during litigation" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440 [1987]). At bar, the hearing court providently exercised its discretion in permitting the plaintiffs' counsel to testify at a hearing that he personally delivered the summons and complaint, by hand, to the defendant Ronald J. Chisena. Where, as here, there is no necessity for the plaintiffs' counsel to be called as a witness at trial, no violation of the advocate-witness rule exists (*see* Code of Professional Responsibility DR 5-102 [c] [22 NYCRR 1200.21 (c)]; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra* at 443).

Moreover, the plaintiffs satisfied their evidentiary burden of establishing the propriety of service of process (*see Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino*, 34 AD3d 536, 538 [2006]; *Home Fed. Sav. Bank v Mahood*, 260 AD2d 438, 439 [1999]). The hearing court's determination that the testimony of the plaintiffs' counsel was more credible than that of Chisena is entitled to great weight on appeal (*see Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino, supra; Home Fed. Sav. Bank v Mahood, supra; Demakis v Papadopoulos*, 259 AD2d 461 [1999]).

Chisena's remaining contentions regarding his purported prior service of an answer are without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.