■ ANTHONY MASTROIANNI, Respondent, v RALLYE GLEN COVE, LLC, Doing Business as RALLYE LEXUS, et al., Appellants. [874 NYS2d 210]—

In an action, inter alia, to recover damages for negligent repair of an automobile, the defendants, Rallye Glen Cove, LLC, doing business as Rallye Lexus, and Rallye Glen Cove, Inc., doing business as Rallye Lexus, and Andrew Jones appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated October 3, 2007, which, after a hearing, denied the motion of the defendants Rallye Glen Cove, LLC, doing business as Rallye Lexus, and Rallye Glen Cove, Inc., doing business as Rallye Lexus, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.

Ordered that the appeal by the defendant Andrew Jones is dismissed, without costs or disbursements, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed on the appeal by the defendants Rallye Glen Cove, LLC, doing business as Rallye Lexus, and Rallye Glen Cove, Inc., doing business as Rallye Lexus, without costs or disbursements.

The defendants Rallye Glen Cove, LLC, doing business as Rallye Lexus, and Rallye Glen Cove, Inc., doing business as Rallye Lexus (hereinafter the defendants) moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them, alleging that they were not properly served with the summons and complaint. At a hearing to determine the validity of service of process, the plaintiff's process server testified that he properly served Christian Charvet, an employee of the defendants, with a summons and complaint, and that Charvet was identified by the defendants' receptionist as a general manager. The defendants asserted that Charvet was not served with the summons and complaint, and that even if he was, he was not authorized to accept service on behalf of the defendants.

In reviewing a determination made by a hearing court, the power of the Appellate Division is as broad as that of the hearing court and it may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hall v Sinclaire, 35 AD3d 660 [2006]). Here, the hearing court's determination is amply supported by the record and, accordingly, we decline to disturb its finding that the process server was more credible than Charvet (see Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino, 34 AD3d 536, 538 [2006]).

The hearing court properly found that the process server served Charvet with a summons and complaint and reasonably relied on the representation of the defendants' receptionist that Charvet was the general manager. Accordingly, the hearing court properly determined that, objectively viewed, the service was calculated to give the defendants fair notice (see Fashion Page v Zurich Ins. Co., 50 NY2d 265, 273 [1980]).

The defendants' request to deem their answer timely served, nunc pro tunc, is not properly before this Court, as the request was not made before the Supreme Court (see Zino v Joab Taxi, Inc., 20 AD3d 521 [2005]). Fisher, J.P., Balkin, McCarthy and Leventhal, JJ., concur. [See 2007 NY Slip Op 33253(U).]