■ Scott Bartow et al., Appellants, v Edgar Lugo et al., Respondents, et al., Defendant. [887 NYS2d 678]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Minardo, J.), dated October 16, 2008, which, after a hearing to determine the validity of service of process, granted that branch of the motion of the defendants Edgar Lugo and Minerva Lugo which was to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and dismissed the complaint insofar as asserted against those defendants.

Ordered that the order and judgment is affirmed, with costs.

The defendants Edgar Lugo and Minerva Lugo (hereinafter

the respondents) moved, inter alia, to dismiss the complaint insofar as asserted against them on the ground that they were not properly served with process. The process server's affidavits stated that service of process had been effectuated upon each respondent, inter alia, by delivering copies of the summons and complaint to a female relative of suitable age and discretion living at the respondents' residence, who was identified as Rene Lugo. However, the respondents asserted that the only female relative who lived in their home did not match the description of the female relative provided in the affidavits of service. At a hearing to determine the validity of service of process, the process server testified with respect to the contents of the affidavits of service and his own record, but admitted that he had no independent recollection of the service in question. The defendant Minerva Lugo testified that no legal papers were delivered to her home on the date in question, and that the only other female residing at her home on that date was her 11-year-old daughter Alyssa Lugo. Additionally, Alyssa Lugo testified that she had never seen the process server before.

In reviewing a determination made by a hearing court, the power of the Appellate Division is as broad as that of the hearing court and it may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Mastroianni v Rallye Glen Cove, LLC,* 59 AD3d 686, 687 [2009]). Here, the hearing court's determination that the respondents were not properly served with process is amply supported by the record. Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the respondents for lack of personal jurisdiction. Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.