■ AMERICAN HOME MORTGAGE, Respondent, v MELVIN VIL-LAFLOR et al., Appellants, et al., Defendants. [914 NYS2d 676]—In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Rockland County (Garvey, J.), entered July 17, 2009, which, after a hearing, denied their motion to vacate so much of a judgment of foreclosure and sale of the same court dated June 4, 2008, as was entered against the defendant Melvin Villaflor upon his failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

This Court possesses the authority to review a determination rendered after a hearing which is as broad as that of the hearing court, and may render the judgment it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the hearing court's determination that the defendant Melvin Villaflor was properly served pursuant to CPLR 308 (1) was supported by the credible testimony of the process server adduced at the hearing (see *King v Gil*, 69 AD3d 678 [2010]; *Federal Fin. Co. v Public Adm'r, Kings County*, 47 AD3d 881, 882 [2008]; *Ahrens v Chisena*, 40 AD3d 787, 788 [2007]), and we discern no basis for disturbing that determination. Mastro, J.P., Angiolillo, Balkin, Lott and Austin, JJ., concur.