■ Zu Xiang Zheng et al., Plaintiffs, v Zhuang Zhuang, Appellant-Respondent, et al., Defendant. Law Offices of Bing Li, LLC, Nonparty Respondent-Appellant. [920 NYS2d 691]—

In an action, inter alia, to recover damages for breach of contract, the defendant Zhuang Zhuang appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), entered December 29, 2009, as, upon a decision of the same court dated October 29, 2009, made after a hearing, in effect, denied his motion to fix the attorney's fee paid to his former attorney, the nonparty Law Offices of Bing Li, LLC, and for a refund of unearned legal fees, in effect, granted the cross motion of the nonparty Law Offices of Bing Li, LLC, to fix the amount of its retaining lien, and is in favor of the nonparty Law Offices of Bing Li, LLC, and against him in the principal sum of $8,365, and the nonparty Law Offices of Bing Li, LLC, cross-appeals, as limited by its brief, from stated portions of the same order and judgment.

Ordered that the cross appeal is dismissed, without costs or

disbursements, as the nonparty Law Offices of Bing Li, LLC, is not aggrieved by the order and judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order and judgment is modified, on the law and the facts, (1) by deleting the provision thereof, in effect, granting the cross motion of the nonparty Law Offices of Bing Li, LLC, to fix the amount of its retaining lien and substituting therefor a provision denying the cross motion, (2) by deleting from the first decretal paragraph thereof the provision awarding the nonparty Law Offices of Bing Li, LLC, the principal sum of $8,365, (3) by deleting from the second decretal paragraph thereof the words "that upon payment of that sum;" as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court conducted a hearing on the motion of the defendant Zhuang Zhuang to fix the attorney's fee paid to his former attorney, the nonparty Law Offices of Bing Li, LLC (hereinafter Li), and for a refund of unearned legal fees, and on Li's cross motion to fix its retaining lien. After the hearing, Li was awarded the principal sum of $8,365 and was directed to return Zhuang's records after that payment had been made. We modify.

This Court's power to review a determination after a hearing is as broad as that of the hearing court, bearing in mind that due regard must be given to the decision of the hearing court, who was in a position to assess the credibility of the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *American Home Mtge. v Villaflor*, 80 AD3d 637 [2011]). Here, the Supreme Court's determination· that Zhuang owed Li the principal sum of $8,365 in unpaid legal fees is unsupported by the record. Furthermore, there is insufficient evidence in the record to establish that Zhuang was entitled to recover unearned legal fees allegedly paid to Li. Rather, neither Zhuang nor Li established their entitlement to any recovery.

There is no basis to grant Li's request to impose sanctions upon Zhuang or his counsel pursuant to 22 NYCRR 130-1.1.

The remaining contentions need not be addressed in light of our determination, are not properly before this Court, or are without merit. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32539(U).]**