■ Doubletree Hotel Tarrytown, Respondent, v Kurien Chacko, Appellant. [981 NYS2d 584]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Walker, J.), entered June 28, 2013, which, after a hearing to determine the validity of service of process, in effect, denied that branch of his motion which was to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

In reviewing a determination made by a hearing court, the power of this Court is as broad as that of the hearing court and it may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Bartow v Lugo*, 66 AD3d 936, 937 [2009]; *Mastroianni v Rallye Glen Cove, LLC*, 59 AD3d 686, 687 [2009]; *Hall v Sinclaire*, 35 AD3d 660 [2006]). The plaintiff's process server, who refreshed his recollection with reliable contemporaneous records, unequivocally testified that he delivered the summons and complaint to the defendant. The inconsistencies between the description of the defendant and the defendant's appearance in court almost three years later, and the location as stated in the affidavit of service and the defendant's unsubstantiated allegations regarding the description of the house where he was served with process, were not significant (*see Rowlan v Brooklyn Jewish Hosp.*, 100 AD2d 844, 845 [1984]; *cf. Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]). The record in this case supports the hearing court's determination that the testimony of the process server was more credible than that of the defendant, as well as the hearing court's conclusion that the defendant was properly served with process (*see Shaw Funding, L.P. v Samuel*, 101 AD3d 1100 [2012]; *King v Gil*, 69 AD3d 678 [2010]; *Ahrens v Chisena*, 40 AD3d 787, 788 [2007]; *Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino*, 34 AD3d 536, 538 [2006]). Dillon, J.P., Leventhal, Chambers and LaSalle, JJ., concur.