■ HSBC Bank USA, National Association, Respondent, v Patricia Hamilton, Appellant, et al., Defendants. [983 NYS2d 585]—

In an action to foreclose a mortgage, the defendant Patricia Hamilton appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated March 29, 2013, which, after a hearing to determine the validity of service of process, in effect, denied those branches of her motion which were pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court (Adler, J.), dated November 22, 2011, entered against her upon her failure to appear or answer, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, with costs, and those branches of the motion of the defendant Patricia Hamilton which were pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale dated November 22, 2011, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction are granted.

This Court possesses authority to review a determination rendered after a hearing that is as broad as that of the hearing court, and may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Lopez v DePietro*, 82 AD3d 715, 716 [2011]; *American Home Mtge. v Villaflor*, 80 AD3d 637 [2011]).

At the hearing, the plaintiff's process server, who refreshed his recollection with contemporaneous records, testified that he

served the appellant with the summons and complaint by employing the personal delivery and mail method pursuant to CPLR 308 (2), by delivering, inter alia, a copy of the summons and complaint to Ashley Hamilton, a member of the appellant's family, at the appellant's residence in Mount Vernon, and thereafter "doing a follow-up mailing." The Supreme Court properly found that the process server could not have delivered the summons and complaint to Ashley, since Ashley established through her testimony and documentary evidence that she was physically in Petersburg, Virginia, at college, on the date delivery was allegedly made to her in Mount Vernon (*see Washington Mut. Bank v Holt*, 113 AD3d 755 [2014]; *Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1075 [2010]). However, the Supreme Court's finding that the process server delivered the summons and complaint to the appellant's youngest daughter, who, at the time of service, was 15½ years old, was not warranted by the facts (*cf. Samet v Binson*, 67 AD3d 988 [2009]; *Ortiz v Jamwant*, 305 AD2d 477, 478 [2003]). There was insufficient evidence at the hearing to establish that the description in the affidavit of service matched the actual appearance of the appellant's youngest daughter (*see Warney v Haddad*, 194 AD2d 478, 479 [1993]; *Matter of Chemical Bank v Davis*, 133 AD2d 756, 757 [1987]; *Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]). Furthermore, neither the affidavit of service nor the process server's testimony established that the summons and complaint were mailed to the appellant's last known residence (*see* CPLR 308 [2]).

Viewing the evidence in its totality, the plaintiff failed to meet its burden of proving by a preponderance of the evidence that jurisdiction over the appellant was obtained by proper service of process (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]). Accordingly, the Supreme Court should have granted those branches of the appellant's motion which were pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale entered against her and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

The appellant's remaining contention has been rendered academic. Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.