■ DMITRY PROSOLOV, Respondent, v PSRS REALTY et al., Appellants. [11 NYS3d 188]—

In an action, inter alia, to recover damages for breach of a lease, the defendants appeal from a judgment of the Supreme Court, Nassau County (Goodstein, J.), entered September 30, 2013, which, upon an order of the same court (Mahon, J.) dated June 26, 2013, determining, after a hearing, that they were validly served with process and denying their motion to vacate an order of the same court (Goodstein, J.) entered February 4, 2013, upon their default in appearing or answering, is in favor of the plaintiff and against them in the total sum of $21,700.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made by a hearing court, the power of this Court is as broad as that of the hearing court, and this Court may render its own determination as warranted by the facts, taking into account that, in a close case, the hear-

ing court had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Doubletree Hotel Tarrytown v Chacko*, 115 AD3d 703, 704 [2014]; *Bartow v Lugo*, 66 AD3d 936, 937 [2009]; *Mastroianni v Rallye Glen Cove, LLC*, 59 AD3d 686, 687 [2009]). The documents submitted by the plaintiff, including the affidavits of service and the process server's logbook and spreadsheets, and the credible testimony of the process server, constituted prima facie proof that the process server delivered copies of the summons and complaint to the individual defendant (*see Doubletree Hotel Tarrytown v Chacko*, 115 AD3d at 704; *Greck v Anish*, 229 AD2d 375, 375-376 [1996]). The inconsistencies between the description of the individual defendant in the affidavits of service and the individual defendant's appearance in court almost 1½ years later were not significant (*see Rowlan v Brooklyn Jewish Hosp.*, 100 AD2d 844, 845 [1984]; *cf. Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]). The hearing court's determination that service of the summons and complaint was properly effected upon the defendants is supported by the evidence in the record (*see* CPLR 308 [1]; 311 [a] [1]; *Doubletree Hotel Tarrytown v Chacko*, 115 AD3d at 704; *Shaw Funding, L.P. v Samuel*, 101 AD3d 1100 [2012]; *King v Gil*, 69 AD3d 678 [2010]; *Ortiz v Jamwant*, 305 AD2d 477 [2003]).

The defendants' remaining contention, raised for the first time on appeal, is not properly before this Court (*see Parker v Navarra*, 102 AD3d 935, 937 [2013]). Skelos, J.P., Dickerson, Hall and Maltese, JJ., concur.