■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v CAROL A. GORDON, Respondent, et al., Defendants. [11 NYS3d 222]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered April 17, 2013, which, after a hearing to determine the validity of service of process upon the defendant Carol A. Gordon, granted the motion of the defendant Carol A. Gordon, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

In December 2009, the plaintiff commenced this action to foreclose a mortgage. The defendant Carol A. Gordon (hereinafter the defendant) subsequently moved, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. Following a hearing to determine the validity of service of process upon the defendant, at which the process server testified for the plaintiff, the Supreme Court granted the defendant's motion.

In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 663 [2014]; *Fred Shore Beach Club, Inc. v Palmieri*, 113 AD3d 648, 648 [2014]). Here, we find no basis to disturb the Supreme Court's determination, based upon its assessment of the credibility of the witness at the hearing, that service was not properly effected upon the defendant (*see Cadlerock Joint Venture, L.P. v Kierstedt*, 119 AD3d 627, 629 [2014]; *Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1075 [2010]; *McCray v Petrini*, 212 AD2d 676, 676-677 [1995]).

Contrary to the plaintiff's contention, although the defendant served a notice of appearance, under the circumstances of this case, she was not obligated to challenge the defective service at that time, but, instead, was free to thereafter raise her

objection to personal jurisdiction by a motion to dismiss pursuant to CPLR 3211 (a) (8), or by setting it forth as a defense in her answer as provided for in CPLR 3211 (*see* CPLR 320 [b]; 3211 [e]; *Frederic v Israel*, 104 AD3d 909, 910 [2013]). Since the defendant moved to dismiss, in effect, pursuant to CPLR 3211 (a) (8), her service of the notice of appearance did not constitute a waiver of the jurisdictional objection (*see Frederic v Israel*, 104 AD3d at 910).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the defendant's motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

In light of our determination, we need not reach the defendant's remaining contention. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.