■ GAIL THACKER, Appellant, v THOMAS MALLOY, Respondent. [49 NYS3d 165]—

In an action, inter alia, to recover damages for wrongful eviction, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated August 11, 2015, as, after a hearing to determine the validity of service of process, in effect, granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]; *see HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 664 [2014]). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (*Deutsche Bank Natl. Trust Co. v Gordon*, 129 AD3d 769, 769 [2015]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *HSBC Bank USA, N.A. v Hamilton*, 116 AD3d at 663).

Here, at a hearing to determine the validity of service of process, the plaintiff failed to meet her burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process. Evidence showed that the process server walked up to the window of the defendant's mother's ground-floor apartment to give her the summons and complaint as he stood on the sidewalk and she stood inside her apartment. Although the defendant resided in the same multiple-dwelling building as his mother, his apartment was on a higher floor, and it was separate and distinct from his mother's apartment. Hence, in serving the defendant's mother with the summons and complaint while she was inside her own apartment, service was not made at the defendant's actual dwelling place (*see* CPLR 308 [2]; *Dinicu v Groff Studios Corp.*, 215 AD2d 323 [1995]; *Biological Concepts v Rudel*, 159

AD2d 32 [1990]; *cf. F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794 [1977]; *Roldan v Thorpe*, 117 AD2d 790 [1986]). Accordingly, the Supreme Court properly, in effect, granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

The defendant's remaining contentions either are not properly before this Court or without merit. Eng, P.J., Balkin, Hall and Barros, JJ., concur.