■ EVERHOME MORTGAGE COMPANY, Appellant, v ARTHUR BERGER, Also Known as ARTHUR S. BERGER and Others, et al., Defendants, and PERETZ FEDER et al., Respondents. [56 NYS3d 548]——

---

In an action to foreclose a mortgage, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated June 23, 2014, made after a hearing to determine the validity of service of process, and (2) an order of the same court (Kurtz, J.) dated November 12, 2014, which, upon the decision, denied the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, and directed the dismissal of the action on the ground that the defendants Peretz Feder and Pesel Feder were not properly served with process.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Kings County, for a determination of the merits of the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage. In February 2007, after the defendants failed to answer the complaint, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. The referee's report was issued in July 2011. In November 2013, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants Peretz Feder and Pesel Feder (hereinafter together the Feder defendants) appeared and asserted, in opposing affidavits, that they had not been served with the summons and complaint and, therefore, that the action should be dismissed. The matter was referred to a Special Referee for a hearing to determine the validity of service of process. After the hearing, at which the process server testified for the plaintiff and Peretz Feder testified for the Feder defendants, the Special Referee determined that the Feder defendants had not been properly served. Thereafter, the court, upon the decision, denied the plaintiff's motion and directed the dismissal of the action.

"In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (*Deutsche Bank Natl. Trust Co. v Gordon*, 129 AD3d 769, 769 [2015]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Thacker v Malloy*, 148 AD3d 857 [2017]; *HSBC Bank USA, N.A. v Hamilton*, 116 AD3d 663, 663 [2014]).

Here, viewing the evidence in its totality, the plaintiff met its burden of proving by a preponderance of the evidence that jurisdiction over the Feder defendants was obtained by proper service of process (*see Prosolov v PSRS Realty*, 128 AD3d 934, 935 [2015]; *Doubletree Hotel Tarrytown v Chacko*, 115 AD3d 703, 704 [2014]; *cf. Thacker v Malloy*, 148 AD3d 857 [2017]; *HSBC Bank USA, N.A. v Hamilton*, 116 AD3d at 664). At the hearing, the plaintiff's process server testified that when he went to the mortgaged premises to serve the defendants named in the complaint as "John Doe," he ascertained the names of the Feder defendants by speaking to Peretz Feder, who identified himself as a tenant. The process server unequivocally testified, relying in part on contemporaneous records, that he personally served Peretz Feder, and that he effected service on Pesel Feder by delivering process to Peretz Feder. This testimony was prima facie proof that the Feder defendants

were properly served pursuant to CPLR 308 (1) and (2) (*see Prosolov v PSRS Realty*, 128 AD3d at 935; *Doubletree Hotel Tarrytown v Chacko*, 115 AD3d at 704). Although Peretz Feder denied that he received process for himself and for Pesel Feder, who was his wife, his bare denial of receipt, and his testimony that there were certain inaccuracies in the process server's description of him, was insufficient to support the Special Referee's determination that the Feder defendants were not properly served (*see Prosolov v PSRS Realty*, 128 AD3d at 935; *Doubletree Hotel Tarrytown v Chacko*, 115 AD3d at 704). The plaintiff's remaining contentions need not be reached in light of our determination. Accordingly, the Supreme Court erred in denying the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and in directing the dismissal of the action on the ground that the Feder defendants were not properly served with process.

Since the Supreme Court did not consider the merits of the plaintiff's motion, we remit the matter to the Supreme Court, Kings County, for a determination of the merits of the motion (*see Downey Sav. & Loan Assn., F.A. v Aribisala*, 147 AD3d 911, 912 [2017]). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.