Wells Fargo Bank, NA v Burshstein (2019 NY Slip Op 04223)





Wells Fargo Bank, NA v Burshstein


2019 NY Slip Op 04223


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04683
 (Index No. 8735/13)

[*1]Wells Fargo Bank, NA, respondent,
v
Gene Burshstein, appellant, et al., defendants.


Cooper & Paroff, P.C., Kew Gardens, NY (Henry M. Graham of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn and Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gene Burshstein appeals from an order of the Supreme Court, Kings County (Derefim Neckles, Ct. Atty. Ref.), dated March 8, 2017. The order, after a hearing to determine the validity of service of process upon that defendant, in effect, denied that branch of his motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
On May 9, 2013, the plaintiff commenced this action against the defendant Gene Burshstein (hereinafter the defendant), among others, to foreclose a mortgage on property located at 2125 Flatbush Avenue in Brooklyn. The defendant failed to answer the complaint. In an order dated November 14, 2014, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment and an order of reference. Thereafter, the court issued a judgment of foreclosure and sale dated January 29, 2016.
In June 2016, the defendant moved, inter alia, to vacate the order dated November 14, 2014, and the judgment of foreclosure and sale and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff opposed the motion. In an order dated October 13, 2016, the Supreme Court referred the matter to a Referee to hear and determine the issue of the validity of service of process upon the defendant. A hearing was held at which the process server and the defendant both testified. In an order dated March 8, 2017, a Court Attorney Referee, in effect, denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The defendant appeals, and we affirm.
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343; see HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 664). "In reviewing a determination made after a hearing, this Court's authority is as broad as [*2]that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d 769, 769; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Everhome Mtge. Co. v Berger, 151 AD3d 811, 812; HSBC Bank USA, N.A. v Hamilton, 116 AD3d at 663).
Here, the plaintiff met its burden of proving by a preponderance of the evidence that the defendant was properly served with the summons and complaint pursuant to CPLR 308(2) at his actual place of business (see Everhome Mtge. Co. v Berger, 151 AD3d at 812). We find no basis to disturb the Supreme Court's finding that the testimony of the process server was more credible than that of the defendant (see Mastroianni v Rallye Glen Cove, LLC, 59 AD3d 686, 687).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination, in effect, to deny that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court