Indymac Fed. Bank, FSB v Jones (2019 NY Slip Op 04365)





Indymac Fed. Bank, FSB v Jones


2019 NY Slip Op 04365


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-00140
2018-07281
 (Index No. 13867/09)

[*1]Indymac Federal Bank, FSB, appellant,
v
Ana A. Jones, etc., respondent, et al., defendants.


Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for appellant.
David J. Broderick, P.C., Forest Hills, NY (Kenneth R. Berman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) a decision of the Supreme Court, Westchester County (William J. Giacomo, J.), entered November 9, 2016, made after a hearing held pursuant to an order of the same court (Anne E. Minihan, J.) dated May 16, 2016, and (2) a judgment of the same court dated April 4, 2018. The judgment, upon the decision, dismissed the complaint for lack of personal jurisdiction.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
In this mortgage foreclosure action, the defendant Ana A. Jones moved pursuant to CPLR 3211(a)(8) and 5015(a)(4) to vacate a judgment of foreclosure and sale, to dismiss the complaint for lack of personal jurisdiction, and to stay eviction proceedings commenced by the plaintiff. In an order dated May 16, 2016, the Supreme Court granted Jones's motion to the extent of directing a hearing to determine the validity of service of process. On September 19, 2016, a hearing was held, and in a decision entered November 9, 2016, the court determined that service was defective and that the complaint must be dismissed as a result. The court subsequently issued a judgment dated April 4, 2018, dismissing the complaint. The plaintiff appeals.
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). " [T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void"' (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889, quoting McMullen v Arnone, 79 AD2d 496, 499).
CPLR 308(4) provides that when service upon an individual under CPLR 308(1) and [*2](2) cannot be made with due diligence, service may be made "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" (see Estate of Waterman v Jones, 46 AD3d 63, 65-66). Although "due diligence" is not defined in the statutory framework, it has been interpreted and applied on a case-by-case basis (id. at 66). The "due diligence" requirement may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (id.; see Wells Fargo Bank, N.A. v Cherot, 102 AD3d 768; Lemberger v Khan, 18 AD3d 447).
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343; see HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 664). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses" (Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d 769, 769; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; HSBC Bank USA, N.A. v Hamilton, 116 AD3d at 663).
Here, the determination of the hearing court that service of process pursuant to CPLR 308(4) was invalid was warranted by the facts, and therefore, should not be disturbed (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627; HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 663-664). Accordingly, we agree with the Supreme Court's determination dismissing the complaint.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court