Sturrup v Scaria (2020 NY Slip Op 04506)





Sturrup v Scaria


2020 NY Slip Op 04506


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-06335
 (Index No. 522743/17)

[*1]Tonya Sturrup, appellant,
v
Sachin Scaria, respondent.


Held Held & Held (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
James G. Bilello, Hicksville, NY (Alina Vengerov of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 14, 2019. The order, upon the report of a court attorney referee (Richard Allman, Ct. Atty. Ref.), made after a hearing to determine the validity of service of process, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint based on lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint based on lack of personal jurisdiction is denied.
The plaintiff commenced this action to recover damages for personal injuries. The defendant moved, inter alia, to dismiss the complaint based on lack of personal jurisdiction. In an order dated March 14, 2019, upon the report of a court attorney referee, made after a hearing to determine the validity of service of process, the Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint based on lack of personal jurisdiction. The plaintiff appeals.
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703; see Estate of Waterman v Jones, 46 AD3d 63, 65). CPLR 308(2) provides, in part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence."
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505; see Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1436). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in [*2]a close case, the hearing court had the advantage of seeing the witnesses" (Indymac Fed. Bank, FSB v Jones, 173 AD3d at 703 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 663).
Here, viewing the evidence in its totality, the plaintiff met her burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process (see Everhome Mtge. Co. v Berger, 151 AD3d 811, 812). At the hearing, the process server testified to his independent recollection of his personal delivery of the papers to a person of suitable age and discretion at the defendant's dwelling, explained why he recalled this particular delivery, and gave testimony about the mailing. Among the exhibits the plaintiff presented at the hearing was a photograph, with a date, time, and GPS coordinates, depicting where the process server delivered the papers. The defendant's testimony verified that the person of suitable age and discretion, as named and described in the process server's affidavit, was consistent with the name and description of one of his co-tenants, his father. Although the defendant testified that his father was out of the country at the time of delivery, the defendant's testimony, which was unsubstantiated and, in critical respects, without a basis of personal knowledge, was insufficient to support the determination that he was not properly served. Accordingly, we disagree with the Supreme Court's determination to grant that branch of the defendant's motion which was to dismiss the complaint based on lack of personal jurisdiction.
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court