Bank of Am., N.A. v Genzler (2020 NY Slip Op 06235)





Bank of Am., N.A. v Genzler


2020 NY Slip Op 06235


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08924
 (Index No. 34620/08)

[*1]Bank of America, N.A., appellant,
v
Shmuel Genzler, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Jeremy Rosenberg, Chestnut Ridge, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 24, 2017. The order, upon the report of a court attorney referee (Richard Allman, Ct. Atty. Ref.) dated May 10, 2017, made after a hearing to determine the validity of service of process on the defendant Shmuel Genzler, granted that defendant's motion to vacate an order of reference of the same court dated July 16, 2013, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and denied, as academic, the plaintiff's motion for a judgment of foreclosure and sale.
ORDERED that the order dated May 24, 2017, is affirmed, with costs.
In December 2008, the plaintiff commenced this action to foreclose a mortgage given by the defendant Shmuel Genzler (hereinafter the defendant) encumbering certain property located in Brooklyn. According to an affidavit of service, the plaintiff's process server purportedly served the defendant pursuant to CPLR 308(2) by delivering a copy of the summons and complaint to a person of suitable age and discretion at a property owned by the defendant which was located at 1331 47th Street in Brooklyn (hereinafter the 47th Street property). The defendant did not answer or appear in the action.
The plaintiff subsequently moved for and obtained an order of reference, dated July 16, 2013. Thereafter, the plaintiff moved for a judgment of foreclosure and sale and the defendant moved to vacate the order of reference and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The matter was referred to a court attorney referee (hereinafter the referee) for a hearing to determine the validity of service of process upon the defendant. At the hearing, the plaintiff relied on the affidavit of service, which identified the 47th Street property as the defendant's "dwelling place," and the testimony of the process server, who had no independent recollection of the service effectuated upon the defendant. The defendant and his witness, the tenant who had lived at the 47th Street property since 1995, testified, inter alia, that the defendant had never resided at the 47th Street property. After the hearing, in an order dated May 10, 2017, the referee determined, inter alia, that the defendant was not served at his actual dwelling place. Thereafter, by [*2]order dated May 24, 2017, the Supreme Court granted the defendant's motion to vacate the order of reference and to dismiss the complaint insofar as asserted against him, and denied, as academic, the plaintiff's motion for a judgment of foreclosure and sale. The plaintiff appeals.
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703; see Estate of Waterman v Jones, 46 AD3d 63, 65). CPLR 308(2) provides, in pertinent part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known address." "Personal jurisdiction is not acquired pursuant to CPLR 308(2) unless both delivery and mailing requirements have been complied with" (Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762). "At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Grand Pacific Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505; see Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1436). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing the witnesses" (Indymac Fed. Bank, FSB v Jones, 173 AD3d at 703 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Burshstein, 172 at 1436).
Under the circumstances presented, and considering that the referee had the advantage of seeing and hearing the witnesses, we discern no basis upon which to disturb the referee's credibility determination crediting the testimony of the defendant and his witness that the defendant never resided at the address where service purportedly was effectuated upon him (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628).
The plaintiff's remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion to vacate the order of reference and to dismiss the complaint insofar as asserted against him, and denying, as academic, the plaintiff's motion for a judgment of foreclosure and sale.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court