SMS Fin. XXXI, LLC v Hutson (2021 NY Slip Op 00448)





SMS Fin. XXXI, LLC v Hutson


2021 NY Slip Op 00448


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-04557
 (Index No. 703729/14)

[*1]SMS Financial XXXI, LLC, respondent,
v
Keith Hutson, etc., appellant, et al., defendants.


Vivia L. Joseph Law Group, P.C., Cambria Heights, NY (David B. Calendar of counsel), for appellant.
Andriola Law, PLLC, New York, NY (James M. Andriola of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Keith Hutson appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered January 2, 2019. The order, insofar as appealed from, after a hearing to determine the validity of service of process upon the defendant Keith Hutson, in effect, denied that branch of his cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 343; see HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663, 664). In reviewing a determination made by a hearing court, the "power of this Court is as broad as that of the hearing court, and this Court may render its own determination as warranted by the facts, taking into account that, in a close case, the hearing court had the advantage of seeing and hearing the witnesses" (Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019).
Here, contrary to the contention of the defendant Keith Hutson (hereinafter the defendant), the plaintiff met its burden of proving by a preponderance of the evidence that the defendant was properly served with the summons and complaint pursuant to CPLR 308(2) (see Everhome Mtge. Co. v Berger, 151 AD3d 811). Accordingly, the Supreme Court properly, in effect, denied that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court