Deutsche Bank Natl. Trust Co. v Lee (2021 NY Slip Op 08166)





Deutsche Bank Natl. Trust Co. v Lee


2021 NY Slip Op 08166


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-04089
 (Index No. 130438/10)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Junior Lee, appellant, et al., defendants.


Heslop & Dominique, LLP, Brooklyn, NY (Garfield A. Heslop of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Junior Lee appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated September 26, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him and granted the plaintiff's motion to confirm a referee's report made after a hearing to determine the validity of service of process on that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 15, 2010, the plaintiff commenced this action against the defendant Junior Lee (hereinafter the defendant), among others, to foreclose a mortgage secured by certain real property located in Staten Island. On April 2, 2010, the defendant was served with process pursuant to CPLR 308(2). After the defendant defaulted in appearing in the action or answering the complaint, the plaintiff moved, inter alia, for an order of reference. By order dated April 14, 2014, the Supreme Court granted the plaintiff's unopposed motion. In June 2014, the plaintiff moved for leave to enter a default judgment of foreclosure and sale. The court granted the plaintiff's unopposed motion and issued a judgment of foreclosure and sale dated November 28, 2014.
By order to show cause dated April 15, 2015, the defendant moved, inter alia, to stay the scheduled foreclosure sale of the subject property, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him for, among other things, lack of personal jurisdiction. The Supreme Court referred the matter to a referee for a hearing to determine the validity of service of process. After a hearing at which only the process server testified, the referee issued a report which determined that the defendant had been validly served. The plaintiff moved to confirm the referee's report. The court, among other things, granted the plaintiff's motion to confirm the referee's report and denied the defendant's motion. The defendant appeals.
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Bank of Am., N.A. v Genzler, 188 AD3d 634, 635 [internal quotation marks omitted]). "As a general rule, courts will not disturb the findings of a referee as long as they are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility. A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1017 [internal quotation marks omitted]; see Everhome Mtge. Co. v Berger, 151 AD3d 811, 812). Here, the referee's determination to credit the process server's testimony was substantially supported by the record. Although present at the hearing, the defendant did not testify and did not present any evidence to rebut the plaintiff's prima facie showing (cf. HSBC Bank USA, N.A. v Hamilton, 116 AD3d 663). Thus, we discern no basis in the record to disturb the referee's finding that the defendant was validly served pursuant to CPLR 308(2) (see CPLR 308[2]; Wells Fargo Bank, N.A. v Moza, 129 AD3d 946, 947; HSBC Bank USA, N.A. v Hamilton, 116 AD3d at 664; American Home Mtge. v Villaflor, 80 AD3d 637, 637; see generally Everhome Mtge. Co. v Berger, 151 AD3d at 813).
The defendant did not offer any other excuse for failing to appear or answer the complaint and therefore failed to meet his burden on his motion, inter alia, to vacate his default (see US Bank N.A. v Batista, 178 AD3d 878, 880). Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report following the hearing on the validity of the service of process upon the defendant, and denied those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him.
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court