Deutsche Bank Natl. Trust Co. v Deutsch (2022 NY Slip Op 07055)

Deutsche Bank Natl. Trust Co. v Deutsch

2022 NY Slip Op 07055

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-07712
 (Index No. 22479/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Sara Deutsch, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Schuyler B. Kraus and Hailey J. Barthel of counsel), for appellant.
Solomon Rosegarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 22, 2017. The order, upon a decision of the same court (Derefim Neckles, Ct. Atty. Ref.) dated June 12, 2017, made after a hearing to determine the validity of service of process upon the defendant Sara Deutsch, granted those branches of that defendant's motion which were to vacate an order of reference of the same court (Noach Dear, J.) dated September 9, 2016, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order dated June 22, 2017, is reversed, on the facts, with costs, and those branches of the motion of the defendant Sara Deutsch which were to vacate the order of reference dated September 9, 2016, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction are denied.
In November 2013, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Sara Deutsch (hereinafter the defendant). According to an affidavit of service, the plaintiff's process server purportedly served the defendant pursuant to CPLR 308(1) by personally delivering a copy of the summons and complaint to the defendant at "1564 57th Street, 2nd Floor, Brooklyn" (hereinafter the subject premises). The defendant did not answer the complaint.
The plaintiff moved, among other things, for an order of reference. On September
9, 2016, the Supreme Court issued an order of reference. Thereafter, the defendant moved, inter alia, to vacate the order of reference and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The court referred the matter to a court attorney referee (hereinafter the referee) for a hearing to determine the validity of service of process upon the defendant. At the hearing, the plaintiff's process server testified that upon his arrival at the building in which the subject premises are located, he rang the door bell, and the defendant came downstairs to the building's main entrance. After he identified himself as a process server, the defendant opened the door. The process server then ascertained the defendant's identity and handed her the summons and complaint through the doorway. Following the process server's testimony, the referee determined that the evidence presented by the plaintiff constituted prima facie proof that the defendant was properly served. However, at the close of the hearing, the referee found that the plaintiff failed to prove that the defendant was properly served based solely on an alleged inconsistency between the affidavit of service and the process server's testimony.
Thereafter, by order dated June 22, 2017, the Supreme Court, upon the decision of the referee, granted those branches of the defendant's motion which were to vacate the order of reference and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff appeals.
"'At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence'" (Bank of Am., N.A. v Genzler, 188 AD3d 634, 635, quoting Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505; see Wells Fargo Bank, N.A. v Gewirtz, 204 AD3d 1070, 1071; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1436). "'In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses'" (Bank of Am., N.A. v Genzler, 188 AD3d at 635, quoting Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703; see Wells Fargo Bank, NA v Burshstein, 172 AD3d at 1436).
Here, the referee's determination that the defendant was not properly served was unsupported by the evidence (see Sturrup v Scaria, 186 AD3d 644, 645; Everhome Mtge. Co. v Berger, 151 AD3d 811, 812). Contrary to the finding of the referee, the process server's testimony that he served the defendant at the main entrance to the building was not inconsistent with the statement in the affidavit of service that service was effectuated at the subject premises, and, in any event, the alleged inconsistency was not significant (see Doubletree Hotel Tarrytown v Chacko, 115 AD3d 703, 704).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were to vacate the order of reference and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court