■ YVETTE VEGA et al., as Administratrices of the Estate of PEDRO VEGA, Deceased, Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [598 NYS2d 336] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated January 28, 1991, which, after a hearing, dismissed the complaint against the defendant New York City Housing Authority for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

It is well settled that issues of credibility are properly determined by the hearing court whose decision will not be disturbed on appeal if it is supported by a fair interpretation of the evidence (see, Feeney v Booth Mem. Med. Ctr., 109 AD2d 865). There is more than sufficient evidence in the record to support the hearing court's determination rejecting the testimony of the process server and crediting the testimony of the defendant Housing Authority's witnesses. It is clear that the plaintiffs failed to meet their burden of proving by a preponderance of the evidence that service of the summons and complaint was properly made (see, Frankel v Schilling, 149 AD2d 657, 659). The mere fact that the Housing Authority may have received notice through some other means will not suffice to confer jurisdiction over the Housing Authority in the absence of the proper service of a summons and complaint (see, Macchia v Russo, 67 NY2d 592; Avery v Village of Groton, 132 AD2d 784; McMullen v Arnone, 79 AD2d 496).

We have reviewed the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.