■ CITY OF NEW YORK, Respondent, v DANIEL BERGMAN et al., Appellants. [620 NYS2d 118] —In an action, *inter alia,* to

compel the defendants to restore their premises to its former lawful condition, the defendants appeal from (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 18, 1992, which determined, after a hearing to ascertain whether service of process had been proper, that the defendants had been properly served with process, and (2) so much of an order and judgment (one paper) of the same court, dated February 25, 1993, as granted the plaintiff's motion for summary judgment and directed the defendants to restore their premises to its former lawful condition within 60 days.

Ordered that the appeal from the order dated December 18, 1992, is dismissed; and it is further,

Ordered that the order and judgment dated February 25, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is well settled that issues of credibility are properly determined by the hearing court, whose decision will not be disturbed on appeal if it is supported by a fair interpretation of the evidence (see, Nagib v Tolette-Velcek, 133 AD2d 72, 73; Vega v City of New York, 194 AD2d 537). The evidence adduced at the hearing supports the hearing court's determination rejecting the testimony of the defendants and crediting the testimony of the process server. Accordingly, it is clear that the plaintiff met its burden of proving by a preponderance of the evidence that service of the summons and complaint was proper (see, Frankel v Schilling, 149 AD2d 657, 659).

Under the circumstances of this case, the court did not improvidently exercise its discretion in directing the defendants to restore their premises to its original, lawful condition within 60 days (see, CPLR 3017 [a]). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.