■ JAY C. SHOULSON, Appellant, v STEPHANIE S. SHOULSON, Respondent. [624 NYS2d 892] —In an action to recover damages for defamation and intentional infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Harbater, J.), dated May 10, 1993, which, after a hearing, dismissed the complaint for lack of personal jurisdiction, (2) a decision of the same court, dated February 2, 1994, which determined the plaintiff's motion to restore the case to the trial calendar, and (3) an order of the same court, dated February 22, 1994, which denied the plaintiff's motion to restore the case to the trial calendar.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a

decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the orders are affirmed, without costs and disbursements.

Contrary to the plaintiff's contentions, we discern no basis to disturb the Supreme Court's dismissal of the complaint for failure to prove proper service. It is well settled that issues of credibility are properly determined by the hearing court, whose decision will not be disturbed on appeal if it is supported by a fair interpretation of the evidence *(see, City of New York v Bergman,* 210 AD2d 369; *DiSalvo v Ordway,* 208 AD2d 798; *Vega v City of New York,* 194 AD2d 537; *Nagib v Tolette-Velcek,* 133 AD2d 72, 73). Additionally, we find that the Supreme Court properly denied the plaintiff's motion to restore the case to the trial calendar based upon the expiration of the applicable Statute of Limitations. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.