■ YASUDA BANK AND TRUST COMPANY (U. S. A.), Respondent, v CARRIE OREE, Appellant. [650 NYS2d 590] —In an action to foreclose a mortgage, the defendant appeals from (1) a decision of the Supreme Court, Queens County (Levine, J.), dated October 18, 1995, which found that she had been validly served with the summons and complaint, and (2) an order of the same court, dated November 21, 1995, which, *inter alia,* granted the plaintiff's motion for summary judgment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We find unpersuasive the defendant's contention that the Supreme Court erred in determining that she was validly served with the summons and complaint and that she therefore was subject to the jurisdiction of the court. While there was conflicting hearing testimony regarding whether process was personally delivered to the defendant, it is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless they are against the weight of the credible evidence (*see, McCray v Petrini,* 212 AD2d 676; *Billings v Southside Hosp.,* 122 AD2d 101). On the record before us, we discern no basis upon which to disturb the hearing court's determination that the defendant was in fact served (*see, City of New York v Bergman,* 210 AD2d 369; *Fosella Bldrs. & Gen. Contrs. v Silver,* 208 AD2d 525).

The plaintiff demonstrated its entitlement to judgment as a matter of law through the production of the mortgage and unpaid note, and the defendant offered only unsubstantiated and conclusory allegations of fraud which failed to raise triable issues of fact (*see, North Fork Bank v Hamptons Mist Mgt. Corp.,* 225 AD2d 596; *Home Sav. Bank v Schorr Bros. Dev. Corp.,* 213 AD2d 512; *LBV Props. v Greenport Dev. Co.,* 188 AD2d 588). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.