◼ ISABELLA N. PEDICINI, Appellant, v FREDERICK CATALANO et al., Respondents. [783 NYS2d 659]—In an action, inter alia, to compel an accounting, the plaintiff appeals from stated portions of an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 29, 2003.

Ordered that the appeal is dismissed, without costs or disbursements.

In her notice of appeal, the plaintiff limited her appeal to "that part of the [o]rder. . . which fails to determine whether plaintiff is entitled to an accounting from each of the defendants" and "from that part of the [o]rder . . . which determines that plaintiff . . . was/is entitled only to the sum of $50,000 as her equitable distribution share in the proceeds realized from the sale of" the former marital home. However, as the order appealed from does not contain a decretal paragraph granting or

denying that branch of the plaintiff's motion which sought an accounting from the defendants, that branch of the motion is still pending and undecided. Thus, it is not properly before this Court (*see Hill v Andron Constr. Corp.*, 256 AD2d 549 [1998]; *Weitzenberg v Nassau County Dept. of Recreation & Parks*, 249 AD2d 538 [1998]; *Katz v Katz*, 68 AD2d 536 [1979]).

Further, contrary to the plaintiff's contention, the order appealed from did not determine that she "was/is entitled only to the sum of $50,000 as her equitable distribution share in the proceeds realized from the sale of" the former marital home. That portion of the order which the plaintiff alleges made this determination is only a recapitulation of part of a memorandum decision dated February 2, 1990, issued in the related matrimonial action. Moreover, the 1990 memorandum decision did not place a valuation on the plaintiff's equitable distributive share in the former marital property. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.