■ MICHAEL SAMET, as Executor of ANDREW SAMET, Deceased, Respondent-Appellant, v ISAAC I. BINSON, Appellant-Respondent. [891 NYS2d 93]—In an action to recover money owed, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 10, 2007, as granted the plaintiff leave to re-serve the summons and complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as, after a hearing, denied his motion to reject a referee's report of the same court (Archer, Ct. Atty. Ref.), dated March 27, 2007, determining that service of process was not properly effected upon the defendant, and granted the defendant's cross motion to confirm the referee's report, vacate a judgment of the same court dated November 13, 1998, entered upon his default in answering the complaint, and dismiss the complaint.

Ordered that the order is affirmed, with costs to the defendant.

Issues of credibility are properly determined by the hearing court, whose determination will not be disturbed on appeal if it is supported by a fair interpretation of the evidence (*see Shoulson v Shoulson*, 213 AD2d 466, 467 [1995]; *DiSalvo v Ordway*, 208 AD2d 798 [1994]). Here, since the evidence presents a " 'clear choice of polar opposites on the question of service, and the court resolved the conflict on the basis of evidence which was not incredible as a matter of law,' " there is no basis

for this Court to disturb the hearing court's determination that service was not properly effected (*Cautela Realty v McDonald,* 239 AD2d 481, 482 [1997], quoting *McMullen v Arnone,* 79 AD2d 496, 498 [1981]). Accordingly, the Supreme Court properly granted the defendant's cross motion to confirm the referee's report, vacate the judgment dated November 13, 1998, and dismiss the complaint for lack of personal jurisdiction.

However, contrary to the defendant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff leave to re-serve the summons and complaint in the interest of justice (*see* CPLR 306-b; *Rosenzweig v 600 N. St., LLC,* 35 AD3d 705 [2006]; *Robles v Mirzakhmedov,* 34 AD3d 554 [2006]; *de Vries v Metropolitan Tr. Auth.,* 11 AD3d 312 [2004]).

The parties' remaining contentions are without merit. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.