■ WELLS FARGO BANK, N.A., as Trustee for the RMAC REMIC TRUST SERIES 2009-2, Respondent, v BLANCA L. MOZA, Appellant, et al., Defendants. [13 NYS3d 127]—

In an action to foreclose a mortgage, the defendant Blanca L. Moza appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 26, 2013, which, upon reargument, and after a hearing to determine the validity of service of process, adhered to the original determination in an order of the same court (Adams, J.), dated January 10, 2012, denying her motion to vacate a judgment of foreclosure and sale of the same court (Adams, J.), dated March 30, 2010, entered upon her failure to answer or appear.

Ordered that the order dated March 26, 2013, is affirmed, with costs.

A judgment of foreclosure and sale dated March 30, 2010, was entered upon the default of the defendant Blanca T. Moza in appearing in this action to foreclose a mortgage on her residence. Moza subsequently moved to vacate the judgment, arguing that she was not properly served with the summons and complaint, and that the plaintiff failed to comply with the notice provisions of RPAPL 1303 and 1304. In support of her motion, she submitted an affidavit in which she stated that she was not at home on the day of the alleged personal service at her residence. In an order dated January 10, 2012, the Supreme Court (Adams, J.) denied her motion. Moza then moved for leave to renew and reargue. In an order dated May 23, 2012, the court (Adams, J.), inter alia, granted reargument and directed a hearing to determine the validity of service of process.

Contrary to Moza's contention, at the conclusion of the hearing, the Supreme Court (Brandveen, J.) properly determined that the plaintiff acquired jurisdiction over her through proper service of process. A plaintiff has the burden of establishing personal jurisdiction by a preponderance of the evidence (see Crossland Mtge. Corp. v Roberts, 35 AD3d 788 [2006]; R.P. Cautela Realty v McDonald, 239 AD2d 481 [1997]). Here, the affidavit of service and the testimony of the process server established, prima facie, that the summons and complaint, along with the notice required by RPAPL 1303 (hereinafter the RPAPL 1303 notice), were personally served on Moza. The discrepancies between the description of the plaintiff in the affidavit of service and her appearance in court were not significant (see Doubletree Hotel Tarrytown v Chacko, 115 AD3d 703, 704 [2014]; Crossland Mtge. Corp. v Roberts, 35 AD3d 788 [2006]; Green Point Sav. Bank v Clark, 253 AD2d 514, 515 [1998]; Black v Pappalardo, 132 AD2d 640, 641 [1987]). The plaintiff also submitted an affidavit of mailing and certified mail receipts from October 2008, which precede the service of the summons and verified complaint in February 2009, to establish that Moza was provided with a 90-day notice pursuant to RPAPL 1304 (hereinafter the RPAPL 1304 notice), a condition precedent to the commencement of an action to foreclose on a mortgage loan (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95 [2011]).

Moza testified at the hearing that she was not personally served with the summons and complaint and the RPAPL 1303 notice, and did not receive the RPAPL 1304 notice in the mail.

This testimony raised a credibility issue. Resolution of issues of credibility by the hearing court, which had the opportunity to observe the witnesses, is entitled to great weight on appeal (*see Samet v Binson*, 67 AD3d 988, 988-989 [2009]; *R.P. Cautela Realty v McDonald*, 239 AD2d at 482). The record in this case supports the Supreme Court's determination that the testimony of the process server was more credible than that of Moza, as well as the court's conclusion that Moza was properly served with the summons and complaint and the RPAPL 1303 notice, and was properly mailed the RPAPL 1304 notice (*see Segway of N.Y., Inc. v Udit Group, Inc.*, 120 AD3d 789, 790-791 [2014]; *American Home Mtge. v Villaflor*, 80 AD3d 637 [2011]; *Home Fed. Sav. Bank v Mahood*, 260 AD2d 438 [1999]; *Avco Mtge. Co. of N.Y. v Ward*, 255 AD2d 347 [1998]).

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying Moza's motion to vacate the judgment of foreclosure and sale. Eng, P.J., Hall, Cohen and Barros, JJ., concur.