■ CITIMORTGAGE, INC., Respondent, v SIMCHA DIAMANT, Appellant, et al., Defendant. [16 NYS3d 780]—In an action to foreclose a mortgage, the defendant Simcha Diamant appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), entered February 28, 2013, which, after a hearing to determine the validity of service of process, in effect, denied that branch of his motion which was pursuant to CPLR 5015 (a) (4) to vacate a default judgment of the same court dated July 7, 2009, insofar as entered against him, and a judgment

of foreclosure and sale of the same court dated October 20, 2009.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly admitted into evidence at the hearing to determine the validity of service of process the work notes of the process server under both the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *Matter of Leon RR*, 48 NY2d 117, 122-123 [1979]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 179-180 [2007]; *Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2004]) and as a past recollection recorded (*see People v Taylor*, 80 NY2d 1, 8 [1992]; *People v Fields*, 151 AD2d 598, 599 [1989]; *Ianielli v Consolidated Edison Co.*, 75 AD2d 223, 228-229 [1980]). The Supreme Court properly determined that the plaintiff proved by a preponderance of the evidence that service of process had been accomplished and that jurisdiction over the appellant was obtained (*see Wells Fargo Bank, N.A. v Moza*, 129 AD3d 946 [2015]).

To the extent that the appellant raises arguments on appeal regarding those branches of his motion which were to vacate the judgment of foreclosure and sale and the underlying default judgment on grounds other than improper service of the summons and complaint, those branches of the appellant's motion were not addressed by the Supreme Court and, thus, remain pending and undecided (*see Liberty County Mut. v Avenue I Med., P.C.*, 129 AD3d 783 [2015]; *Federal Natl. Mtge. Assn. v Anderson*, 119 AD3d 892, 894 [2014]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]; *Pedicini v Catalano*, 11 AD3d 665 [2004]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.