■ PHH MORTGAGE CORPORATION, Respondent, v JULIANA MURICY, Appellant, et al., Defendants. [24 NYS3d 137]—

In an action to foreclose a mortgage, the defendant Juliana Muricy appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated September 19, 2014, as denied those branches of her motion which were pursuant to CPLR 317 and 5015 (a) (1) to vacate a judgment of foreclosure and sale of the same court dated June 6, 2013, upon her default in answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 2005, the plaintiff loaned $272,000 to the defendant Juliana Muricy (hereinafter the defendant). The loan was evidenced by a 30-year fixed rate note executed by the defendant and was secured by a mortgage on the defendant's real property located at 6 Greentree Lane in Staten Island (hereinafter the subject property). Paragraph 15 of the mortgage contained a provision stating that the address to which notices would be sent was the address of the subject property unless the defendant notified the lender of a different address. The defendant also agreed to notify the lender of any change of address. Starting in or about June 2009, the defendant defaulted in her monthly payments under the mortgage. In or about August 2010, unbeknownst to the plaintiff, the defendant moved to Brazil where she remained until May 2014. In November 2010, the plaintiff commenced this action to foreclose the mortgage. The Supreme Court (Fusco, J.) signed an order dated October 21, 2011, allowing service by publication. Thereafter, the plaintiff moved for an order of reference and for a default judgment of foreclosure and sale. In an order dated June 11, 2012, the Supreme Court granted the motion and appointed a referee to compute the amount due the plaintiff on the note and mortgage. The plaintiff obtained a judgment of

foreclosure and sale dated June 6, 2013. The defendant subsequently moved, inter alia, to vacate the judgment of foreclosure and sale. The Supreme Court denied the defendant's motion. The defendant appeals from so much of the order as denied those branches of her motion which were pursuant to CPLR 317 and 5015 (a) (1) to vacate the judgment of foreclosure and sale.

Pursuant to CPLR 317, a defendant who has been "served with a summons other than by personal delivery" but who has not appeared may be allowed to defend the action upon a finding by the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Citimortgage, Inc. v Finocchiaro*, 131 AD3d 503, 503-504 [2015]). In support of her motion to vacate the default judgment of foreclosure and sale, the defendant submitted an affidavit in which she averred that she had not been served with a default notice as required by the mortgage. This conclusory assertion was insufficient to demonstrate a potentially meritorious defense (see CPLR 3015 [a]; *Deutsche Bank Trust Co. Ams. v Shields*, 116 AD3d 653, 654 [2014]). The defendant also asserts that she has a potentially meritorious defense based upon the plaintiff's failure to serve her with the 90-day notice required by RPAPL 1304. Service of such notice is a condition precedent to the commencement of a mortgage foreclosure action (see *Wells Fargo Bank, N.A. v Moza*, 129 AD3d 946, 947 [2015]). In support of her motion to vacate the default judgment of foreclosure and sale, the defendant included, as an exhibit, the judgment of foreclosure and sale, and the papers the plaintiff submitted in support of its motion to obtain that judgment. The plaintiff's papers in support of its motion included an affidavit of an assistant vice-president of the plaintiff and copies of the notice and certified mail receipt, as well as a "proof of filing statement" filed with the New York State Banking Department pursuant to RPAPL 1306. Although, in her affidavit in support of her motion to vacate, the defendant avers that she never received the 90-day notice, the defendant failed to rebut the plaintiff's evidence of mailing (see *Wells Fargo Bank, N.A. v Moza*, 129 AD3d at 947). Furthermore, the fact that the defendant left the United States in or about August 2010, after having been in default of her mortgage payments for over one year, i.e. since June of 2009, and did not return until 2014, raised an inference that she deliberately attempted to avoid notice of the action (see *Canelas v Flores*, 112 AD3d 871, 872 [2013]). Therefore, the defendant's contention that the plaintiff failed to serve her with the 90-day

notice required by RPAPL 1304 fails to demonstrate a potentially meritorious defense.

" 'A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for [his or her] delay in appearing and answering the complaint and a potentially meritorious defense to the action' " (*Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1049 [2015]; quoting *Wells Fargo Bank, N.A. v Mazzara*, 124 AD3d 875, 875 [2015]). Here, the defendant failed to meet her burden of demonstrating a reasonable excuse for her default. The plaintiff submitted affidavits of service establishing, prima facie, that the defendant was served by publication, as directed by the Supreme Court, pursuant to CPLR 316. While arguing that "hostile tenants" at the subject property failed to inform her of the pendency of this action, the defendant fails to acknowledge that she had an obligation under the mortgage to notify the plaintiff of a change of address but failed to do so.

For the same reasons that the defendant failed to demonstrate a potentially meritorious defense in support of that branch of her motion which was to vacate the judgment under CPLR 317, she also failed to demonstrate a potentially meritorious defense with respect to that branch of her motion which was to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 317 and 5015 (a) (1) to vacate the judgment of foreclosure and sale. Dillon, J.P., Austin, Roman and Barros, JJ., concur.