— In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated January 26, 2016, which, after a hearing, denied their motion for leave to enter a default judgment upon the plaintiffs’ alleged failure to reply to their counterclaims.
 

 Ordered that the order is affirmed, with costs.
 

 The defendants Marat Gokhberg and Yury Gokhberg (hereinafter together the sellers) agreed to sell to the plaintiffs real property located in Brooklyn. The amended complaint alleged that a contract was signed, and that the plaintiffs tendered a down payment in the sum of $32,250 to the sellers’ attorneys, the defendants Michael H. Michael, Esq., and Michael and Swerdloff, LLC. The plaintiffs were unable to secure financing, and they commenced this action after the sellers and their attorneys (hereinafter collectively the defendants) refused to return the down payment and the property was sold to another purchaser for a higher price.
 

 On or around March 30, 2012, the defendants served an answer containing counterclaims. Subsequently, the defendants moved for leave to enter a default judgment against the plaintiffs on the counterclaims, alleging that the plaintiffs failed to serve a reply to those counterclaims. At a hearing, an attorney for the plaintiffs testified that she personally mailed, and also emailed, a reply to the counterclaims on April 18, 2012. In the order appealed from, the Supreme Court denied the defendants’ motion. We affirm.
 

 The Supreme Court properly denied the defendants’ motion for leave to enter a default judgment. While the defendants denied receipt of the plaintiffs’ reply to the counterclaims, the record supports the court’s determination that the testimony of the plaintiffs’ attorney was credible, and that service was properly made (see Wells Fargo Bank, N.A. v Moza, 129 AD3d 946 [2015]; Home Fed. Sav. Bank v Mahood, 260 AD2d 438 [1999]; Miller v Irwin, 202 AD2d 344 [1994]).
 

 The defendants’ remaining contention is without merit.
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.