Citimortgage, Inc. v Weaver (2018 NY Slip Op 05136)





Citimortgage, Inc. v Weaver


2018 NY Slip Op 05136


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-10596
 (Index No. 18430/09)

[*1]Citimortgage, Inc., respondent, 
v
Everette Weaver, appellant, et al., defendants.


Everette Weaver, Hopewell Junction, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Everette Weaver appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated October 1, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to lift a court- ordered stay dated June 11, 2015, necessitated by the death of the defendant Leola Paul, to substitute Michael Norman Paul, individually and as administrator of the estate of Leola Paul, as a defendant, and to join 212 First Holding Corp. as a necessary party defendant.
ORDERED that the appeal from so much of the order as granted that branch of the plaintiff's motion which was to join 212 First Holding Corp. as a necessary party defendant is dismissed, as the appellant is not aggrieved by that portion of the order; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appellant, Everette Weaver, and the defendant Leola Paul (hereinafter the decedent) purchased certain property in August 2008 as tenants-in-common. To finance the purchase of the property, they borrowed the sum of $654,675, secured by a mortgage on the property. Weaver and the decedent allegedly defaulted on their mortgage payments, giving rise to this foreclosure action. On October 4, 2011, the decedent passed away and the action was subsequently stayed. The Surrogate's Court granted letters of administration to Michael Norman Paul in October 2014 and, in January 2015, the decedent's half-interest in the subject property was conveyed to 212 First Holding Corp. (hereinafter First Holding).
In July of 2015, the plaintiff moved, inter alia, to lift the stay necessitated by the decedent's death, to substitute Michael Norman Paul, individually and as administrator of the estate of the decedent, as a defendant, and to join First Holding as a necessary party defendant. Weaver opposed the motion. The Supreme Court granted the motion, and Weaver appeals.
Weaver is not aggrieved by so much of the order appealed from as granted that branch [*2]of the plaintiff's motion which was to join First Holding as a necessary party defendant (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157; Caballero v Caballero, 247 AD2d 352). Accordingly, the appeal from that portion of the order must be dismissed.
Contrary to Weaver's contention, it was appropriate for the Supreme Court to grant those branches of the plaintiff's motion which were to lift the stay necessitated by the decedent's death and to substitute Michael Norman Paul, individually and as administrator of the decedent's estate, as a defendant (see CPLR 1015[a]; 1021).
Weaver's remaining contentions are raised for the first time on appeal and, therefore, are not properly before this Court (see Citimortgage, Inc. v Diamant, 131 AD3d 1193, 1194; Pedicini v Catalano, 11 AD3d 665, 665-666).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court