G & G Funding Group LLC v Rocco's Landscaping & Concrete Serv. LLC (2025 NY Slip Op 51341(U))

[*1]

G & G Funding Group LLC v Rocco's Landscaping & Concrete Serv. LLC

2025 NY Slip Op 51341(U)

Decided on August 25, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 25, 2025
Supreme Court, Kings County

G and G Funding Group LLC, Plaintiff

against
Rocco's Landscaping and Concrete Service LLC and Anthony Papapietro, Defendants.

Index No. 508607/2024

Attorneys for Plaintiffs
David J. Pretter, Esq.
Law Offices of Isaac H. Greenfield, PLLC
2 Executive Blvd., Ste. 305
Suffern, NY 10901
718-564-6268
david@greenfieldlawpllc.com
Attorney for Defendants
None recorded. 

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on March 21, 2025, under motion sequence number three, by G and G Funding Group LLC (hereinafter the plaintiff) for an order pursuant to CPLR 3215 (a), seeking default judgment against Rocco's Landscaping and Concrete Service LLC (hereinafter the corporate defendant) and Anthony Papapietro (hereinafter the individual defendant) (collectively the defendants). The motion is opposed.
Notice of motion
Affirmation in support
Exhibits 1-7
Supplemental affirmation in support
Exhibits 1-4
Reply Affirmation in opposition to motion
Exhibit A [FN1]

BACKGROUND
On March 26, 2024, plaintiff commenced the instant action by filing a summons and verified complaint (hereinafter the commencement papers) with the Kings County Clerk's Office (KCCO).
On March 26, 2024, Isaac H. Greenfield, Esq., the plaintiff's attorney, filed an affirmation of service of the commencement papers with the KCCO.
On May 2, 2024, the individual defendant, proceeding pro se, filed a motion under sequence number one seeking an order pursuant to CPLR 3211 dismissing the action for improper service of the summons and complaint.
By decision and order dated July 18, 2024, the individual defendant's motion under sequence number one was denied due to the failure to appear for oral argument. 
On July 23, 2024, the individual defendant, proceeding pro se, filed a motion under sequence number two seeking an order pursuant to CPLR 3211 dismissing the action as asserted against the individual defendant and the corporate defendant for improper service of the summons and complaint.
By decision and order dated March 6, 2025, the individual defendant's motion under sequence number two was denied due to the movant's failure to appear for oral argument.
Neither the individual nor the corporate defendant has answered the verified complaint.
LAW AND APPLICATION
CPLR 3215 provides, in pertinent part, as follows:
"(a) Default and entry. When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him."
"(f) Proof. On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due . . . by affidavit made by the party . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney."
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2d Dept 2011], citing CPLR 3215 [f]). "CPLR 3215 (f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit 'made by the party'" (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2d Dept 2009], citing CPLR 3215 [f]).
Plaintiff must, among other things, demonstrate proper service of the commencement papers on the corporate defendant to obtain a default judgment. Ordinarily, this would be accomplished by the plaintiff's submission of an affidavit of service of the commencement [*2]papers in accordance with CPLR 306 (a) and CPLR 306 (d). CPLR 306 (a) and CPLR 306 (d) pertain to proof of service and the form of proof and provide as follows:
"(a) Generally. Proof of service shall specify the papers served, the person who was served and the date, time, address, or, in the event there is no address, place and manner of service, and set forth facts showing that the service was made by an authorized person and in an authorized manner."
"(d) Form. Proof of service shall be in the form of a certificate if the service is made by a sheriff or other authorized public officer, in the form of an affidavit if made by any other person, or in the form of a signed acknowledgment of receipt of a summons and complaint, or summons and notice or notice of petition as provided for in section 312-a of this article."
On March 26, 2024, plaintiff's counsel filed an affirmation of service of the commencement papers which stated the following:
"ISAAC H. GREENFIELD, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms the following to be true: I am the attorney for Plaintiff, am over the age of 18 years, am not a party to this action, and am a resident of the State of New York. On March 26, 2024, I served the within Summons and Complaint by delivering to Defendants via Certified Mail, return receipt requested, pursuant to Section 50 of the Future Receivables Sale and Purchase Agreement entered into between the Parties, a copy of the Summons and Verified Complaint, to the address(es) below (the certified mailing labels are annexed hereto for the Court's reference). Dated: Suffern, New York March 26, 2024
To: ROCCO'S LANDSCAPING AND CONCRETE SERVICE LLC
[ ]
ANTHONY PAPAPIETRO
[ ]"[FN2]
The purported affirmation of "Isaac H. Greenfield, Esq., plaintiff's counsel does not comply with CPLR 2106 as amended (CPLR 2106; see Patrick M. Connors, The Blockbuster Amendment to CPLR 2196 Permitting Any Person to Submit an Affirmation in Lieu of an Affidavit, 98 St. John's L. Rev. 375, 381 [2024] [analyzing the amended CPLR 2106]). It lacks the language prescribed in the statute, or language that is in substantially the following form: "I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."
The affirmation by Greenfield is insufficient and does not encompass the requisite language or language substantially reflective of that required in the statute. Here, "[t]here is no acknowledgement of the laws of New York or the possible penalties of fine or imprisonment if the statements made therein were not true" (R.F. v L.K., 82 Misc 3d 1221[A], 2024 NY Slip Op 50358[U], *7 [Sup Ct, Westchester County 2024]. Therefore, the "[a]ffirmation is not in admissible form and cannot be relied upon as proof of facts set forth therein" (R.F., 2024 NY [*3]Slip Op 50358[U], *7, citing Graham Ct. Owners Corp. v Memminger, 81 Misc 3d 1248[A], *2 n 5 [Civ Ct, NY County 2024]; see also Grandsard v Hutchison, 2024 WL 1957086, *1 [Sup Ct, NY County 2024], aff'd, 227 AD3d 491, 491 [1st Dept 2024]).
Consequently, the plaintiff did not submit admissible proof of service of the commencement papers upon the defendants and therefore its motion for a default judgment is denied.
CONCLUSION
The motion by plaintiff G and G Funding Group LLC for an order pursuant to CPLR 3215 (a) granting a default judgment against Rocco's Landscaping and Concrete Service LLC and Anthony Papapietro for failure to answer the complaint is denied without prejudice.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:Plaintiff filed a notice of rejection in the NYSCEF system.

Footnote 2:The addresses and tracking numbers have been redacted for purposes of publication.