Schaller v 120 Stuyvesant Place, LLC (2026 NY Slip Op 00275)

Schaller v 120 Stuyvesant Place, LLC

2026 NY Slip Op 00275

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-10214
 (Index No. 150810/22)

[*1]Richard Schaller, respondent,
v120 Stuyvesant Place, LLC, appellant.

O'Connor Redd Orlando LLP, Port Chester, NY (Joseph A. Orlando and Jason Yadhram of counsel), for appellant.
Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert Cohen and Charles Haviv of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated September 26, 2024. The order denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate an order of the same court dated March 31, 2023, granting the plaintiff's motion for leave to enter a default judgment against the defendant, and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order dated September 26, 2024, is affirmed, with costs.
In 2022, the plaintiff commenced this action to recover damages for personal injuries against the defendant, alleging that he slipped and fell on ice while working at premises owned by the defendant. The defendant failed to appear or answer the complaint, and the plaintiff moved for leave to enter a default judgment against the defendant. In an order dated March 31, 2023, the Supreme Court granted the plaintiff's motion (hereinafter the March 2023 order). Thereafter, in August 2024, the defendant moved pursuant to CPLR 317 and 5015(a)(1) to vacate the March 2023 order and pursuant to CPLR 3012(d) for leave to serve a late answer. In an order dated September 26, 2024, the court denied the defendant's motion. The defendant appeals.
"Pursuant to CPLR 317, a defendant who has been served with a summons other than by personal delivery but who has not appeared may be allowed to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense" (PHH Mtge. Corp. v Muricy, 135 AD3d 725, 726 [internal quotation marks omitted]). A defendant seeking to vacate a default in answering or appearing under CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see PHH Mtge. Corp. v Muricy, 135 AD3d at 727; Bank of Am. N.A. v Patino, 128 AD3d 994, 994). Here, the defendant failed to demonstrate a potentially meritorious defense to the action. The defendant submitted an affidavit of the purported president and owner of its managing agent, which failed to address whether the defendant had actual or constructive notice of the alleged defective condition on the property and a reasonable amount of time to correct it or warn of its existence (see Tkachuk v D & J Realty of N.Y., LLC, 234 AD3d 1009, 1009-1010).
Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, [*2]pursuant to CPLR 317 and 5015(a)(1) to vacate the March 2023 order.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court