Capital One, N.A. v Heusner (2026 NY Slip Op 50354(U))

[*1]

Capital One, N.A. v Heusner

2026 NY Slip Op 50354(U)

Decided on March 18, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2026
Supreme Court, Kings County

Capital One, N.A., Plaintiff,

againstJulius Heusner, Defendant.

Index No. 527508/2025

Selip & Stylianou, LLP, Woodbury (Christopher Pavlik of counsel) for plaintiffUsher Law Group P.C., Brooklyn (Mitchell Bromberg of counsel) for defendant

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on these motions: 1-27.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motion is determined as follows.
BackgroundDefendant Julius Heusner seeks to vacate a default judgment in favor of Plaintiff Capital One N.A., entered against him on October 29, 2025.
On August 14, 2025, Plaintiff commenced an action for credit card debt collection against Defendant, seeking judgment in the amount of $5,901.06 together with disbursements. A revolving credit account was opened in Defendant's name, subject to the terms and conditions provided. Defendant failed to make all the required payments. Defendant's last payment was made in the amount of $250.00 on November 1, 2024. Subsequently, Plaintiff closed the account and charged it off in the amount of $5,901.06 on December 16, 2024.
Plaintiff moved for a default judgment against Defendant on the grounds that Defendant was served but failed to appear, answer, or move. On October 29, 2025, the Kings County Clerk entered a judgment in favor of Plaintiff in the total sum of $5,901.06.
Defendant now seeks an order vacating the default judgment, staying any judgment collection efforts, releasing any restrained accounts, voiding any wage garnishments, and permitting Defendant to appear in this action. Defendant claims that he was "unaware of the Summons and Complaint in this matter" until his employer notified him that an income execution had been issued (NYSCEF Doc No. 15 ¶ 3). He argues that the amounts in the Complaint are not correct and are inflated.
Plaintiff contends that Defendant failed to rebut any details in the process server's affirmation of service. Defendant also does not deny living at and receiving mail at the service address. Moreover, Plaintiff avers that Defendant failed to establish a meritorious defense.
At oral argument, Defendant argued that service was not properly effectuated. The Court adverted to the affirmation of service of Mohamed Abouzeid, attesting to substituted service on August 30, 2025. Defendant claims he had no knowledge of a Jacqueline Mcque residing at his usual place of abode and that he was being evicted at the time of service.

Discussion
The Appellate Division, Second Department held that "[a] defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Bank of Am. N.A. v Patino, 128 AD3d 994, 994 [2d Dept 2015]). Defendant grounds his motion on CPLR 5015 (a) (1) and CPLR 317. An excusable default may be established where "if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (CPLR 317). Defendant has moved within the one-year period.
When dealing with the issue of service, the Second Department clearly sets out the criteria to make a prima facie case:
CPLR 308 (2) provides, in pertinent part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." "Valid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant's residence, but is not a resident of the subject property" (Bank of NY v Espejo, 92 AD3d 707, 708 [2012]).A process server's affidavit of service constitutes prima facie evidence of proper service (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676 [2015]; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933 [2015]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Nationstar Mtge. v Kamil, 155 AD3d 966, 967 [2d Dept 2017]).Here, the process server's affirmation of service contained sworn allegations reciting that service was made upon Defendant by leaving the relevant papers with a person of suitable age and discretion, namely Jacqueline Mcque, described as a black-haired black female "co-resident" who was 45-55 years old, 5'6"-5'8" tall, and weighing 200-240 lbs., at Defendant's residence; this was followed up by a mailing (see CPLR 308 [2]). Accordingly, the affirmation of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2) (see US Bank N.A. v Ramos, 153 AD3d 882, 884 [2d Dept 2017]; U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882 [2d Dept 2017]).
While Defendant denied knowledge of any person by the name of "Jacqueline Mcque" at [*2]oral argument, he did not rebut the process server's sworn allegation that a person fitting the physical description of Jacqueline Mcque was present at the subject property and accepted service on behalf of Defendant. Defendant's unsubstantial denial of receipt was insufficient to rebut the presumption of proper service (see Anderson v GHI Auto Serv., Inc., 45 AD3d 512 [2d Dept 2007]; Capital One Bank v Bostinto, 25 Misc 3d 138[A], 2009 NY Slip Op 52375[U] [App Term 9th & 10th Dists 2009]).
"[T]he conclusory assertion [of the defendant averring that she had not been served with a default notice as required by the mortgage] was insufficient to demonstrate a potentially meritorious defense" (see PHH Mortgage Corporation v Muricy, 135 AD3d 725 [2d Dept 2016]). Here, the Court notes that Defendant's conclusory statements in his affirmation lack a denial that the person described by the process server was present on the date of service. Defendant attested that he had no knowledge of the action against him until his wages became subject to garnishment. However, the Court rejects this.
Averring a conclusory and unsubstantiated denial of service was held insufficient in Orange County Department of Social Services v Anonymous (101 AD3d 1019 [2d Dept 2012]):
Contrary to the appellant's contention, his conclusory and unsubstantiated denial of service of the underlying petition lacked the factual specificity necessary to rebut the prima facie proof of proper service established by the process server's affidavit of service (see Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763 [2012]; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984, 985 [2010]; Scarano v Scarano, 63 AD3d 716 [2009]; cf. Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344 [2003]). Therefore, he failed to establish a reasonable excuse for his default under CPLR 5015 (a) (1). That failure mandated the denial of the appellant's objections, and the underlying motions to vacate, without the need of reaching the issue of whether appellant had a potentially meritorious defense (see Matter of Martin v Cooper, 96 AD3d at 850; Matter of Proctor-Shields v Shields, 74 AD3d at 1348).Moreover, a meritorious defense is absent in Defendant's affirmation (see New Century Mtge. Corp. v Adeyan-Ju, 139 AD3d 683 [2d Dept 2016] ["A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action"].
Here, Defendant similarly failed to provide specifics to rebut Plaintiff's claim. Defendant alleges that the amounts shown in the complaint are different from what he believes to be correct, and that the amounts are not explained. He does not present what the correct amount should be, nor does he provide any exhibits to support his alleged amount. The issue of conclusory statements is underscored by Defendant's self-contradictory assertion that "I deny Plaintiff's allegations. Further, even if any funds were owed (which I deny), the amount claimed is incorrect and has been improperly inflated" (NYSCEF Doc No. 15 ¶ 6). Without presenting specific facts, documentation, or an alternative calculation to support these claims, Defendant offers only speculation and inconsistency. The absence of factual specificity in Defendant's rebuttal to the prima facie proof of proper service is insufficient to overcome the presumption of proper service established by the process server's affirmation. Accordingly, Defendant fails to demonstrate both a reasonable excuse and a potentially meritorious defense to the action.
Furthermore, Defendant's motion fails under CPLR 317 (Guayara v First Rockaway Coast Corp., 35 AD3d 659, 660 [2d Dept 2006] ["Nevertheless, the defendant was not entitled to vacatur pursuant to CPLR 317 because it failed to demonstrate that it did not receive actual notice of this action in time to defend"]). 
Here, the process server effectuated substituted service on Jacqueline Mcque at Defendant's residence. Defendant failed to demonstrate that he did not receive actual notice of this action in time to defend and to present a meritorious defense. Without providing specifics to argue his position, Defendant failed to demonstrate that he did not receive actual notice of this [*3]action in time to defend. The mere denial of receipt was insufficient to establish excusable default (see CPLR 5015 [a]).
Additionally, effective on January 1, 2024, CPLR 2106 now provides for the use of affirmations in New York actions by "any person wherever made" if subscribed and affirmed to be true in the following form:
I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.(Signature)In G and G Funding Group LLC v Rocco's Landscaping and Concrete Serv. LLC (86 Misc 3d 1264[A], 2025 NY Slip Op 51341[U], *4 [Sup Ct, Queens County 2025]), the court deemed an affirmation insufficient for failure to encompass the requisite language: "[T]here is no acknowledgement of the laws of New York or the possible penalties of fine or imprisonment if the statements made therein were not true [internal quotation marks and citations omitted]."
Here, the process server's affirmation of service is in compliance with CPLR 2106, including the mandatory language, whereas Defendant's affirmation failed to state that it was made under the penalties of perjury under the laws of New York, which may include a fine or imprisonment. Instead, Defendant stated, "To the best of my knowledge, information, and belief, the presentation of these papers and the contentions herein are not frivolous," and he affirmed merely "under penalties of perjury pursuant to CPLR § 2106" (NYSCEF Doc No. 15). Therefore, Defendant's affirmation is inadmissible as it lacks the mandatory language required for affirmations on or after January 1, 2024.[FN2]

In the absence of an excusable default, a meritorious defense, and an admissible affirmation, Defendant's reliance on CPLR 5015 (a) (1) and CPLR 317 to support his motion to vacate the October 29, 2025 judgment herein is unavailing. Therefore, to the extent that Defendant's motion seeks vacatur of the default judgment entered against him, the motion must be denied. That service of the summons and complaint by delivery to a person of suitable age and discretion was effectuated pursuant to CPLR 308 (2) was not rebutted by him.

 Conclusion
It is hereby ORDERED that the motion of Defendant Julius Heusner to vacate the judgment in favor of Plaintiff Capital One N.A. entered against him on October 29, 2025 is hereby DENIED, and the stay on enforcement and collection efforts is vacated.

Footnotes

Footnote 1: Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2: CPLR 2106 was further amended effective November 21, 2025, and now requires the following: "I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law."